UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MUNTAHA SARSOUR, ET AL. | CIVIL ACTION |
| VERSUS | NO. 09-2820 |
| OAKWOOD SHOPPING CENTER<br>  LIMITED PARTNERSHIP, ET AL. | SECTION "N" (1) |

**ORDER AND REASONS**

Presently before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 10). As stated herein, **IT IS ORDERED** that Plaintiffs' action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiffs still desire to pursue their claims in this action, they must file, on or before Monday, March 29, 2010, an amending and superseding complaint. The amending and superseding complaint shall include all of the allegations from the original version of complaint on which Plaintiffs continue to rely, as well as Plaintiffs' additional allegations.

**Background**

The complaint (Rec. Doc. 1) states that, on or about February 22, 2008, Plaintiffs Muntaha Sarsour and Sajedeh Judett went to Oakwood Shopping Center in Gretna, Louisiana. There, Plaintiffs allege, Defendant Weatherford, a security guard, told Sarsour that she would have to remove her hijab (head covering), or she and her daughter-in-law, Judett, would have to leave the shopping center. When Sarsour refused, Weatherford allegedly escorted Sarsour and Judett through the shopping center mall to the exit and asked them to leave. At the exit, upon being confronted by other security personnel, Sarsour and Judett complied. Based on these circumstances, Plaintiffs

allege that Defendants subjected Sarsour and Jedett, United States citizens of Palestinian heritage, to discriminatory and malicious conduct and are liable under "applicable federal and state law." *See* Complaint, ¶.19

**Law and Analysis**

In seeking dismissal of Plaintiffs' claims, Defendants note that Plaintiffs' complaint invokes the federal question jurisdiction provided by 28 U.S.C. § 1331, but does not identify the federal statute(s) upon which the claims are based. Defendants additionally point out that Plaintiffs' complaint does not allege that Defendants' conduct was motivated by race or ethnic heritage. Rather, Defendants contend, Plaintiffs have only summarily – and thus inadequately – allege that they were subjected to discriminatory and malicious conduct. Defendants also contend that Plaintiffs have not pled sufficient facts to establish a claim that is legally cognizable under 42 U.S.C. §§ 1981, 1982, 1983, or 1985. Finally, Defendants maintain that the basis for Mazin Sarsour's claim, given that Mr. Sarsour was not with Plaintiffs Sarsour and Judett at Oakwood, is not evident in the complaint.

**I.     Legal Standard**

    **A.     Motions to Dismiss Under Rule 12(b)(6)**

As discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J), Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007) (internal citations and quotations omitted); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) *(quoting Twombly,* 550 U.S. at 570)).[1] The degree of required specificity, however, depends on context, *i.e.*, the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159, 106 S. Ct. 2279 (1986). If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted). Moreover, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001). Finally, to the extent that the complaint's allegations are simply vague or ambiguous, a motion for more definite statement, pursuant to Rule 12(e), is appropriate. *Swierkiewicz,* 534 U.S. at 514, 122 S. Ct. 998.

---

[1] The Third Circuit Court of Appeals recently described *Twombly* as "seek[ing] to find a middle ground between 'heightened fact pleading,' which is expressly rejected [relative to Rule 8] . . . and allowing complaints that are not more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

B.      **Motions to Dismiss Under Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. A federal court must grant a motion to dismiss for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir.1996)). A district court may dismiss an action for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981); *see also Robinson v. TCI/US West Communications Inc.*, 117 F.3d 900, 904 (5th Cir.1997) (citations omitted). The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Dow v. Agrosciences, LLC v. Bates,* 332 F.3d 323, 326 (5th Cir. 2003).

**II.    Application**

In applying these principles here, the Court agrees that Rule 8 does not require Plaintiffs to set forth the factual and legal basis for their claims with particularity. That being said, the complaint must include enough information to apprise the Court and Defendants of the asserted basis for the claim(s) and the Court's jurisdiction over them. And, once presented with a motion to dismiss, Plaintiffs cannot simply cite to Rule 8 and expect the Court to scour federal statutes and case law to determine whether Plaintiffs' scanty factual allegations yield a federal remedy. To the contrary, although the Court is charged with determining matters of law, the parties are charged with adequately briefing these issues, which includes citation of supporting legal authority. *See, e.g.,* Local Rules 7.4 and 7.5E. Having reviewed Plaintiffs' complaint and their memorandum in

4

opposition to Defendants' motion to dismiss, the Court finds that Plaintiffs have not adequately pled or briefed their claims.

For these reasons, the Court finds that Defendants' motion to dismiss should be granted. This dismissal, however, will be without prejudice given the uncertainty at this juncture as to the Court's subject matter jurisdiction. The Court also will allow Plaintiffs a limited opportunity to amend their complaint in accordance with the requirements of Federal Rules 8 <u>and</u> 11.[2] This amendment also should include the additional, though minimal, factual information that is set forth in Plaintiffs' opposition memorandum. It likewise must have at least a general allegation of the unlawful motivation(s) that Plaintiffs are attributing to Defendants' conduct. Further, if Defendants thereafter file a second motion to dismiss, Plaintiffs' opposition <u>must</u> explain the purported legal basis of the Court's jurisdiction, as well as any federal authorities providing legal relief in response to the events that Plaintiffs claim to have occurred at the Oakwood shopping center.

## **Conclusion**

As stated herein, **IT IS ORDERED** that Defendants' motion to dismiss (Rec. Doc.

---

[2] In their opposition, Plaintiffs urge that they require discovery. Rule 11(b) of the Federal Rules of Civil Procedure addresses the parties' pleading obligations under such circumstances. To the extent that Plaintiffs' counsel is not familiar with these provisions, he is to promptly familiarize himself with them.

No. 26) is **GRANTED** and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. If Plaintiffs desire to proceed with their claims in this proceeding, they must file an amending and superseding complaint in accordance with the Court's aforementioned instructions.

New Orleans, Louisiana, this 12th day of March 2010.

_____
**KURT D. ENGELHARDT**
**United States District Judge**