UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MUNTAHA SARSOUR, ET AL. | CIVIL ACTION |
| VERSUS | NO. 09-2820 |
| OAKWOOD SHOPPING CENTER LIMITED PARTNERSHIP, ET AL. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is Defendant's second "Rule 12(b)(6) Motion to Dismiss" (Rec. Doc. 16), which is directed against Plaintiffs' First Amending and Superseding Complaint (Rec. Doc. 18). As stated herein, **IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

## Background

As reflected in the Court's Order and Reasons addressing Defendants' prior motion to dismiss (Rec. Docs. 10 and 12), Plaintiffs Muntaha Sarsour and Sajedeh Judett ("Plaintiffs") went to Oakwood Shopping Center in Gretna, Louisiana, on or about February 22, 2008. There, they dropped off an eyeglasses prescription at EyeMasters to be filled, and then purchased food at the food court. Plaintiffs allege that, as they were walking to a table to sit and eat, Defendant Weatherford, a security guard, told Sarsour that she would have to remove her hijab (head covering), or that she and her daughter-in-law, Judett, would have to leave the shopping center. When Sarsour refused, Weatherford allegedly escorted Sarsour and Judett through the shopping center mall to the exit and asked them to leave. At the exit, upon being confronted by other security personnel,

Sarsour and Judett complied. As a result, Plaintiffs maintain that they were not able to pick up and pay for the eyeglasses and were prevented from eating their food in the food court as they had intended. Plaintiffs allege that Weatherford's conduct discriminated against them based on race, religion, color and national origin in violation of 42 U.S.C. §§ 1981, 1983, and 1985.

## Law and Analysis

As discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J), Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted); *see also Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) *(quoting Twombly,* 550 U.S. at 570)).[1] The degree of required specificity, however, depends on context, *i.e.*, the type of claim at issue. *Robbins*

---

[1] The Third Circuit Court of Appeals recently described *Twombly* as "seek[ing] to find a middle ground between 'heightened fact pleading,' which is expressly rejected [relative to Rule 8] . . . and allowing complaints that are not more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

*v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159 (1986). If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted). Moreover, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001). Finally, to the extent that the complaint's allegations are simply vague or ambiguous, a motion for more definite statement, pursuant to Rule 12(e), is appropriate. *Swierkiewicz,* 534 U.S. at 514.

Applying these principles here, the Court grants Defendants' motion with respect to Plaintiffs' claims asserted under 42 U.S.C. § 1983, which requires a showing of conduct by persons acting "under color of state law." Plaintiffs' pleadings reflect no factual basis for a determination that the private conduct at issue should be treated as that of a governmental actor. *See*, *e.g., Singleton v. St. Charles Parish Sheriff's Dept*, 306 Fed. Appx. 195, 2009 WL 106507, *3 (5th Cir. 2009)(explaining when a private merchant acts as a state actor); *see also Morris v. Dillard Dept. Stores, Inc.,* 77 F.3d 743, 747-48 (5th Cir. 2001); *Thurman v. Lonestar Park at Grand Prairie,* 2001 WL 984870, *2 (N.D. Tex.2001).

With respect to 42 U.S.C. §§ 1981 and 1985, Plaintiffs ultimately may not be able to set forth evidence necessary for them to survive summary judgment relative to establishing that Defendants' conduct was driven by unlawful discriminatory intent. At this juncture, however, addressing a motion under Rule 12(b)(6), rather than Rule 56, of the Federal Rules of Civil

Procedure, the Court cannot find that Plaintiffs' allegations support no possible theory of recovery upon which relief can be granted.

Although §§1981 and 1985 have not been held to redress discrimination based on place or nation of origin, or religion, relief is provided for covered activity involving race discrimination, which includes discrimination because of a person's ancestry or ethnic characteristics. *See, e.g., Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987)(respondent can make out a case under §1981 if he can prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin, or his religion); *McCoy v. Homestead Studio Suites Hotels*, 177 Fed. Appx. 442, 446, 2006 WL 1160758, *2 (5th Cir. 2006)(Fifth Circuit has declined to extend §1985(c) claims into the realm of religious discrimination); *Arguello v. Conoco, Inc*., 330 F.3d 355, 358 (5th Cir. 2003)(evaluating claims under §1981 asserted by Hispanic plaintiffs and explaining discriminatory retail and restaurant service); *Reedy v. Citgo Petr. Corp.*, 2011 WL 797498 (S.D. Tex. 2/28/11) ("although race and national origin are often identical as a factual matter because one was born in the nation whose primary stock is one's own ethnic group, that is not the case for people born in the United States, a diverse country comprising people of countless ancestries and ethnic characteristics") (internal citations and quotations omitted).  Accordingly, on the showing made, the Court denies Defendants' motion to dismiss relative to claims of discrimination under §§ 1981 and 1985 based on race, including ancestry or ethnicity, but grants the motion relative to discrimination claims premised on national origin or religion.

Finally, the Court notes that Plaintiffs ask that they be permitted to amend and supplement their complaint a second time to include the additional factual allegations set forth on page three (3) of their opposition memorandum (Rec. Doc. 31). Given that the additional allegations

4

merely set forth with more specificity what previously was generally pled, Plaintiffs' request is granted. Thus, Plaintiffs are to file a second amending and superseding complaint within seven (7) days of entry of this Order and Reasons. The added allegations are to include only those set forth in page three (3) of their opposition memorandum.

New Orleans, Louisiana, this 29th day of March 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**