UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MUNTAHA SARSOUR, ET AL. | CIVIL ACTION |
| VERSUS | NO. 09-2820 |
| OAKWOOD SHOPPING CENTER<br>  LIMITED PARTNERSHIP, ET AL. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is Defendants' "Motion for Summary Judgment" (Rec. Doc. 57). As stated herein, **IT IS ORDERED** that the motion is **GRANTED.**

## Background

As reflected in the Court's Order and Reasons addressing Defendants' prior motion to dismiss (Rec. Docs. 10 and 12), Plaintiffs Muntaha Sarsour and Sajedeh Judett ("Plaintiffs") went to Oakwood Shopping Center in Gretna, Louisiana, on or about February 22, 2008. There, they dropped off an eyeglasses prescription at EyeMasters to be filled, and then purchased food at the food court. Plaintiffs allege that, as they were walking to a table to sit and eat, Defendant Weatherstrand, a security guard, approached them and told Sarsour that she would have to remove her hijab (or at least push it away from her face), or leave the shopping center. When Sarsour refused, Weatherstrand allegedly told her to leave and then followed Sarsour and her daughter-in-law, Judett, through the shopping center mall towards the exit. After a brief verbal exchange with other security personnel, who had responded to Weatherstrand's radio request, Sarsour and Judett left the mall. As a result, Plaintiffs maintain that they were not able to pick up

and pay for the eyeglasses during that mall visit, and were prevented from eating their food in the food court as they had intended.

The Court's March 29, 2011 ruling (Rec. Doc. 37) denied Defendants' motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, regarding Plaintiffs' claims of discrimination under 42 U.S.C. §§ 1981 and 1985 based on race, including ancestry or ethnicity. The present motion, Defendants' motion for summary judgment, again seeks dismissal of those claims.

## Law and Analysis

### I. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the

nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115

3

S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. <u>Application</u>

Although the parties' written submissions reflect the existence of a factual dispute regarding whether Plaintiffs actually were required to leave the shopping center when Sarsour refused to take off or push back her hijab, Defendants maintain that they nevertheless are entitled to summary judgment on Plaintiffs' race discrimination claims asserted pursuant to §§1981 and 1985. Specifically, Defendants contend, among other things, that Plaintiffs have not put forth evidence sufficient to satisfy their burden of demonstrating that Weatherstrand and the other employees involved in the February 22, 2008 incident had the requisite discriminatory intent.

On the showing made, the Court agrees. Defendants' evidence supports the notion that, in taking the actions about which Plaintiffs complain, Defendants simply sought to enforce the shopping center's non-discriminatory policies prohibiting patrons' wearing of any face-obscuring garments on the premises. In contrast, Plaintiffs offer nothing more than mere speculation and supposition that Defendants' proffered non-discriminatory reason is untrue. Accordingly, because Plaintiffs cannot meet their order of proof on this element, the Court finds that no triable issue

of fact exists relative to Plaintiffs' §§1981 and 1985 race discrimination claims. Thus, for the reasons stated herein, **IT IS ORDERED** that the claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 25th day of May 2012.

_____
**KURT D. ENGELHARDT
United States District Judge**